IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| Shaheen Cabbagestalk, | ) | Civil Action No. 5:17-2703-RMG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Director Bryan P. Sterling, *et al.*, | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's motion for a temporary restraining order. For the reasons set forth below, the Court denies the motion for a temporary restraining order, dismisses the complaint with prejudice, and notifies Plaintiff that the Court is considering the imposition of a prefiling injunction against Plaintiff.

I. **Background**

Plaintiff is serving an 18-year sentence for armed robbery at the Perry Correctional Institution of the South Carolina Department of Corrections. The complaint is only partially legible and Plaintiff has filed over 200 rambling, barely legible pages in support of the complaint, or to amend the complaint, but the gravamen of Plaintiff claim is that prison guards are harassing him and that the guards are conspiring with inmates to kill him. Plaintiff seeks several hundred thousand dollars in damages. Plaintiff has also moved for a temporary restraining order ordering his transfer to the Maricopa County Jail in Arizona.

II. **Discussion**

Plaintiff is an extreme serial litigant. Plaintiff has filed at least 23 other actions in this Court before the instant action. Plaintiff has filed at least eight actions in the Richland County Court of Common Pleas. Plaintiff has filed four appeals with the South Carolina Court of Appeals

and two petitions with the South Carolina Supreme Court. Plaintiff has filed seven mandamus petitions in the United States Court of Appeals for the Fourth Circuit and a petition for a writ of certiorari in the United States Supreme Court.

Plaintiff's ability to file *in forma pauperis* was revoked years ago under the three-strike provision of 28 U.S.C. § 1915(g) for frivolous filings. *E.g.*, *Cabbagestalk v. Smith*, Civ. No. 5:14-268-RMG (D.S.C. May 2, 2014). That has not prevented Plaintiff from continuing to file frivolous lawsuits. Plaintiff often invokes the "imminent danger of serious physical injury" exception to the three-strike rule. (*See* Dkt. No. 9 at 1–2.) Here, Plaintiff alleges that prison guards and inmates are conspiring to kill him. Plaintiff also filed motions for temporary restraining orders or preliminary injunctions in four other cases before the instant case.

On its face, Plaintiff's complaint and motion for a restraining order do not present a plausible claim that Plaintiff is in imminent danger of serious physical injury. Were that not so, Plaintiff's serial litigation history, including years of alleging that inmates and/or prison staff are attempting to harm him, would render it implausible. Plaintiff's wild allegations that prison staff and inmates are conspiring against him are not "magic words" that permit endless abuse of judicial process. Further, prison disciplinary records show that it is Plaintiff who has been threatening prison staff. State records show that while incarcerated Plaintiff has been disciplined on 42 occasions, including 15 incidents of possession of a weapon or threatening physical harm to prison employees.

In the Court's view, the only available option to control Plaintiff's extreme abuse of judicial process is to impose a prefiling injunction. Before imposing a prefiling injunction, however, the Court must provide a litigant with notice and an opportunity to be heard. *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 819 (4th Cir. 2004). The Court therefore notifies Plaintiff that the

Court is considering the imposition of a prefiling injunction on Plaintiff. Plaintiff may file an explanation as to why a prefiling injunction should not be imposed by January 8, 2018.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** the motion for a temporary restraining order and all other pending motions in this matter (Dkt. Nos. 20, 21, 22) and **DISMISSES WITH PREJUDICE** the complaint. Plaintiff may file an explanation as to why a prefiling injunction should not be imposed on him by **January 8, 2018**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December 15, 2017
Charleston, South Carolina