IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Shaheen Cabbagestalk, | ) | Civil Action No. 5:17-2703-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Director Bryan P. Sterling, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's motion to reconsider. On December 13, 2017, the Court denied Plaintiff's motion for a temporary restraining order, dismissed the complaint with prejudice, and notified Plaintiff that the Court is considering the imposition of a prefiling injunction against Plaintiff and directed Plaintiff to show cause why an injunction should not be imposed. For the reasons set forth below, the Court denies the motion to reconsider and imposes a prefiling injunction.

### I. Background

Plaintiff is serving an 18-year sentence for armed robbery at the Perry Correctional Institution of the South Carolina Department of Corrections. Plaintiff claims that prison guards are harassing him and conspiring with inmates to kill him. Plaintiff seeks several hundred thousand dollars in damages and an order transferring him to the Maricopa County Jail in Arizona.

### II. Discussion

As the Court noted in its Order of December 13, 2017, Plaintiff is an extreme serial litigant who has filed at least 23 other actions in this Court, 8 actions in the Richland County Court of Common Pleas, and 7 mandamus actions in the Fourth Circuit. Plaintiff's ability to file *in forma pauperis* was revoked years ago under the three-strike provision of 28 U.S.C. § 1915(g) for

frivolous filings. *E.g.*, *Cabbagestalk v. Smith*, Civ. No. 5:14-268-RMG (D.S.C. May 2, 2014). That has not prevented Plaintiff from continuing to file frivolous lawsuits. Plaintiff often invokes the "imminent danger of serious physical injury" exception to the three-strike rule. (*See* Dkt. No. 9 at 1–2.) Here, Plaintiff alleges that prison guards and inmates are conspiring to kill him.

The Court previously held that Plaintiff's complaint and motion for a restraining order do not present a plausible claim that Plaintiff is in imminent danger of serious physical injury. Plaintiff now moves for reconsideration. Like all of Plaintiff's filings, Plaintiff's motion to reconsider is rambling and difficult to decipher. He argues that the South Carolina Department of Corrections "has murdered (over) (5) of my comrad[e]s" and he repeatedly states his claims that various persons are trying to kill him and that judges who rule against his claim are biased. (Dkt. No. 34.) He also claims he never asked for transfer to the Maricopa County Jail in Arizona, but rather only asked to be removed from the custody of the State of South Carolina. That distinction is both immaterial and false—Plaintiff specifically asked for transfer to "a county jail or work release" in Phoenix, Arizona. (Dkt. No. 21-1 at 2.) Finally, Plaintiff attached to his motion to reconsider his copy of the Court's order of December 13, 2017 with the words "Void" and "Null" handwritten over the text.

Plaintiff was directed to explain why a prefiling injunction should not be imposed. In response, Plaintiff merely states "a prefiling injunction should not be filed against me because I'm only doing what the law allows me to do ask for help from the court (if) my life[']s in danger which it is." (Dkt. No. 34.) As the Court previously held, however, wild allegations that prison staff and inmates are conspiring against Plaintiff are not "magic words" that permit endless abuse of judicial process. Plaintiff's forty frivolous lawsuits over the last eleven years is a clear abuse of process that the Court can no longer tolerate. Plaintiff was informed that in the Court's view,

the only available option to control his abuse of process is a prefiling injunction. Plaintiff has now been provided notice and a meaningful opportunity to be heard. *Cf. Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 819 (4th Cir. 2004). The Court's view remains that the only available option to control Plaintiff's abuse of judicial process is a prefiling injunction.

For the foregoing reasons and for the reasons set forth in the Court's order of December 13, 2017, and to protect the courts and any potential defendants from the harassment of frivolous and vexatious litigation initiated by Plaintiff, the court issues the following injunctions:

1. The court **ENJOINS** Plaintiff from filing any new action or proceeding in any federal court, other than a petition for habeas relief, without first obtaining leave of that court; and

2. The court **ENJOINS** Plaintiff from filing any further papers in any case, either pending or terminated, in the District of South Carolina, without first obtaining leave of court.

These injunctions apply only to *pro se* filings and do not apply to any action filed by counsel on Plaintiff's behalf. Leave of court for *pro se* filings shall be forthcoming upon Plaintiff's demonstrating through a properly filed motion that the proposed filing: (1) can survive a challenge under Rule 12 of the Federal Rules of Civil Procedure; (2) is not barred by principles of issue or claim preclusion; (3) is not repetitive or violative of a court order; and (4) is in compliance with Rule 11 of the Federal Rules of Civil Procedure.

Because of Plaintiff's long history of frivolous filings, the Court finds it likely Plaintiff will attempt to ignore this Order. The court therefore **ORDERS** the Clerk to refuse to accept any submissions for filing except petitions for leave of court, unless such filings are accompanied by an order of this court granting leave. In the event that Plaintiff succeeds in filing papers in violation of this order, upon such notice, the Clerk, under authority of this Order, immediately and summarily shall strike the pleadings or filings. This Order does not apply to the filing of timely

notices of appeal from this Court to the Court of Appeals and papers solely in furtherance of such appeal.

Plaintiff is enjoined only from filing frivolous *pro se* papers in federal court. Plaintiff may file *pro se* if he can show his claims are not frivolous. Actions by counsel on behalf of Plaintiff are unaffected. Plaintiff's ability to seek appellate review is unaffected. Plaintiff's ability to seek habeas relief is unaffected. Plaintiff's access to state courts is unaffected. The Court therefore finds that the above prefiling injunction is narrowly tailored to halt Plaintiff's ongoing abuse of process in federal court.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** the motion for reconsideration (Dkt. No. 34) and **ENJOINS** Plaintiff as herein provided.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 9, 2018
Charleston, South Carolina